UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IQE KC, LLC, <br><br>   Plaintiff, <br><br> v. <br><br>AKOUSTIS, INC. and <br>AKOUSTIS TECHNOLOGIES, INC., <br><br>   Defendants. | MBD No. 24-mc-91053-AK |

ORDER ON MOTION TO QUASH SUBPOENA[1]
[Docket No. 1]

May 22, 2024

Boal, M.J.

  Non-party IQE KC, LLC ("IQE") moves to quash a subpoena in connection with *Akoustis Technologies, Inc. and Akoustis, Inc. v. Qorvo, Inc.*, No. 2:23-cv-00180-JRG-RSP (E.D.Texas) (the "Underlying Litigation"). Docket No. 1. For the following reasons, this Court orders the motion transferred to the U.S. District Court for the Eastern District of Texas (the "Texas Court") pursuant to Rule 45(f) of the Federal Rules of Civil Procedure.

I.  BACKGROUND

  Qorvo, Inc. manufactures semiconductor products utilizing wafers produced by other

---

[1] Judge Kelley referred this matter to the undersigned. Docket No. 30. A court's ruling on motions regarding Rule 45 subpoenas are generally discovery matters not dispositive of the underlying claims even when they are the only proceeding pending before this Court. *See Romero v. Smith Mgmt. and Consulting, LLC*, No. 19-mc-91493-PBS, 2020 WL 1046625, at *4 (D. Mass. Mar. 4, 2020). Therefore, the instant motion to quash a Rule 45 subpoena is a non-dispositive matter that this Court may consider under 28 U.S.C. § 636(b)(1)(A). *See id.*

companies such as IQE. In the Underlying Litigation, Akoustis Technologies, Inc. and Akoustis, Inc. (collectively, "Akoustis") have filed a patent infringement action against Qorvo alleging infringement of U.S. Patent No. 7, 250,360 (the " '360 Patent"). That patent claims a process for growing specified types of layers on substrates useful for semiconductor fabrication.[2] Docket No. 2-1. The only specific infringing product that Akoustis identifies in its Second Amended Complaint is Qorvo's QPD1000 product ("QPD Product"), but Akoustis alleges that up to 1014 other Qorvo products infringe on the '360 Patent. Docket Nos. 2-1 at 8; 19-5 at 2-46.

IQE makes wafers for use in the semiconductor manufacturing business by its customers, including Qorvo. Docket No. 2 at 5. Qorvo uses the IQE wafers in its manufacturing of semiconductor products, including its QPD product, as well as some of its other products that Akoustis alleges infringe on the '360 Patent.

In connection with the Underlying Litigation, Akoustis served a Rule 45 subpoena issued by the Texas Court on IQE seeking documents and information relating to wafers which IQE has supplied to Qorvo since 2017. Docket No. 2-2. The Texas Court has entered a detailed protective order ("Protective Order") in the Underlying Litigation which Akoustis and IQE agree applies to the information and documents sought pursuant to the subpoena.

IQE served a timely response on Akoustis in which it agreed to provide limited technical information regarding the wafer it provided Qorvo for the QPD Product, but otherwise objected to disclosing any of the other requested materials and information. Docket No. 2 at 6-7. Akoustis maintains that IQE must produce information and documents in response to the full scope of the

---

[2] The '360 Patent embodies a single step process in a single flow, single pressure, high temperature process for the growth of such layers. The previous method involved a two-step process with large temperature ramps and complex flow requirements. In other words, the '360 Patent discloses novel techniques which greatly simplify the process for achieving epitaxial growth. Docket No. 2-1 at 5-7.

subpoena which would include information beyond that related to the QPD Product and more specifically, the full growth recipe[3] for the wafers IQE has provided to Qorvo.

Because the parties have been unable to reach agreement regarding IQE's objections, IQE filed the instant motion to quash the subpoena in its entirety, as unduly burdensome, and calling for disclosure of confidential and trade secret information. In the alternative, IQE requests that the Court modify the subpoena to narrow its scope. Docket No. 1. In its response, Akoustis requests that the motion to quash be transferred to the Texas Court pursuant to Fed.R.Civ.P. 45(f). Should this Court address the motion to quash, Akoustis argues it should be denied as the subpoena seeks highly relevant information which is closely guarded by IQE and therefore, cannot be obtained elsewhere.[4] Docket No. 19.  This Court heard oral argument on April 24, 2024.

II.  WHETHER THE MOTION TO QUASH SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT OF TEXAS

A.  Standard Of Review

Rule 45(f) allows for the transfer of subpoena-related motions to the issuing district in certain circumstances.  Fed.R.Civ.Pro. 45(f).  The enforcing district may transfer such motions if the entity subject to the subpoena consents or in "exceptional circumstances." *Id*.  Here, IQE

---

[3] Per the subpoena, " '[g]rowth recipe' means the collection of all sequential process steps employed in the growth of a specific material with pre-determined, defined, and/or memorized parameters for each process step, such as duration, gas flows, temperature and pressure, or the set of instructions describing each and every process step undertaken by machinery to form a predetermined structure." Docket No. 2-2 at 10. Put more simply, growth recipes contain information about the materials (including the order in which they are added), pressures and temperatures used to manufacture epitaxial wafers.  Docket No. 19 at 11.

[4] At the hearing, Akoustis indicated a willingness to drop the requests for information not related to the growth recipes. In other words, it would only seek compliance with Request Nos. 3, 4, 6 and 16. Given the Court's disposition of this matter, it does not address this issue.

will not consent to the transfer, so Akoustis must establish the existence of exceptional circumstances. Advisory Committee Notes to the 2013 Amendment to Fed.R.Civ.Pro. 45(f).

Rule 45(f) itself does not define "exceptional circumstances."  However, the Advisory Committee Note identifies examples of exceptional circumstances such as to avoid disrupting the issuing court's management of the underlying litigation, or when that court has already ruled on issues presented by the motion, or the same issues are likely to arise in discovery in many districts.  *Id.*  "[F]amiliarity with a case alone is insufficient to "constitute exceptional circumstances." *Drummond Co. Inc. v. VICE Media LLC,* 21-mc-859 (AJN), 2022 WL 445681, at *2 (S.D.N.Y. Feb. 14, 2022).  Courts have transferred motions where the "issuing court is best-positioned to address the subpoena dispute given the nature of the dispute and the posture and complexity of the underlying action, where the issuing court has already set out a discovery schedule in the underlying action, and to serve the interests of justice and judicial efficiency." *Hilb Grp. Of N.Y. LLC v. Assoc. Agencies, Inc.,* 23-mc-264 (LJL), 2023 WL 5183690, at *1 (S.D.N.Y. Aug. 10, 2023).

      B.      Whether Exceptional Circumstances Exist Warranting Transfer
                Of The Motion To Quash To The Eastern District Of Texas

Akoustis is seeking documents and information from IQE relating to all of the alleged infringing Qorvo products which would include: "wafers, or components thereof, sold, provided, or otherwise supplied by IQE to Qorvo from April 20, 2017 onwards, including those that include epitaxial layers of GaN, AlN, InAlN, GaP, InGaP, or AlGaN on lattice mismatched substrates made of SiC, Si, or sapphire." *See* Docket No. 2-2 at 12. The information Akoustis seeks includes IQE's growth recipes. IQE maintains that they are highly protected, proprietary, and confidential information.  Indeed, IQE asserts "that the growth recipes are never shared with

third parties and are never shared with the customers purchasing the wafers." Docket No. 2-3 at 3.

IQE argues that the request to transfer this matter should be denied because there are no exceptional circumstances warranting transfer given that: (1) the motion to quash does not raise issues previously decided by the Texas Court, or that are likely to arise in discovery in multiple districts; (2) that the Texas Court is more familiar with the litigation is essentially irrelevant to the determination given that the issuing court will always be more familiar with the underlying case; (3) there are no complex case specific or technical issues that would better be addressed by the Texas Court given that IQE's arguments are straightforward and not specific to the '360 Patent; and (4) its interest in minimizing its burden by having this matter resolved by this Court is not outweighed by any competing interests. As to the last point, IQE argues that it would be costly and burdensome for it and its counsel to travel to Texas and find local counsel in that district.

Akoustis asserts that this matter should be transferred because the Texas Court is uniquely situated to handle the dispute given that the underlying patent infringement action is pending there, and has already resolved similar issues regarding the relevance and scope of discovery. In particular, that Court has already heard argument and ruled on motions related to what Qorvo products fall within the scope of Akoustis's infringement claims.[5]

---

[5] Additionally, Akoustis has served a similar subpoena on Wolfspeed Inc., another third-party supplier to Qorvo. Docket No. 19 at 17. While Wolfspeed provided Akoustis with at least some materials responsive to the subpoena, it initially objected to any further production on similar grounds to those raised by IQE. Docket No. 19-19. At the hearing, Akoustis indicated that Wolfspeed has been producing the requested documents. It is therefore unclear as to whether there is the potential for additional litigation regarding the same issues in other districts.

In January, Magistrate Judge Payne of the Texas Court held a hearing[6] on a motion to strike filed by Qorvo which directly addressed the scope of Akoustis's claims with respect to the number of Qorvo products that allegedly infringe the '360 Patent. Judge Payne denied Qorvo's motion to strike thereby allowing Akoustis to pursue its infringement claims against the QPD Product and the 1014 other accused Qorvo products. Docket No. 19-10 at 42. In so ruling, Judge Payne noted that his initial reaction was that Qorvo's motion to strike had merit given that Akoustis alleged that over one thousand products infringed the '360 Patent but had only provided specifics regarding the one product (the QPD Product). However, after reviewing the patent's structure and contentions, he stated that he had a better understanding of the infringement allegations and the related technology and, therefore, found no merit to the motion. *Id.*  After Judge Payne denied Qorvo's motion to strike, the parties informed the court that they had resolved the issues relating to the motion to compel discovery and therefore, the motion was moot. While there was no express ruling made by the Court regarding the scope of discovery, the parties noted on the record that, after a recess, they had reached an agreement that Qorvo would produce discovery related to all of the accused products. *Id.*, at 43.

In considering whether extraordinary circumstances exist, this Court must decide which court is best situated to determine the scope of Akoustis's claims and the resulting discovery, and which court is in the best position to address IQE's concerns regarding the protection of confidential, proprietary trade secrets. This Court disagrees with IQE's assertion that there are no complex or technical case specific issues that would be better addressed by the Texas Court.

---

[6] The official transcript indicates that the hearing was held before Chief Judge Gilstrap, the district court judge presiding over the Underlying Litigation. Docket No. 19-10 at 2. However, it is clear from entries on the docket that Judge Payne presided over the hearing.

Applying the rules governing compliance with a Rule 45 subpoena to a fact specific, highly technical patent infringement case necessarily results in a complex analysis. By its objections, IQE is essentially asking this Court to determine the scope of Akoustis's claims against Qorvo. The Texas Court has not only already determined the scope of the products at issue, but Judge Payne has also expressed a knowledge and understanding of Akoustis's infringement claims which puts that Court in far superior position to define the scope of discovery. Moreover, the Underlying Litigation is still in its early stages, the Court has a scheduling order in place, and there are numerous issues involving claim construction and the like which will impact matters relating to the scope of discovery to which Akoustis is entitled.

    IQE has also raised significant concerns over the potential disclosure of its confidential, proprietary trade secrets. Many of those concerns relate to how the information would be protected in the Underlying Litigation both pre-trial (when IQE's disclosures would necessarily be made available to experts and others in the preparation of the parties' cases), and during trial. IQE has also raised the issue that the Protective Order can be modified with the consent of the parties; IQE is concerned that such modifications could result in disclosure of its confidential, proprietary information beyond what is currently permitted. It stands to reason that the presiding court is better situated to address IQE's legitimate concerns regarding how to protect its proprietary, confidential information during the discovery process and at trial.

    For all these reasons, this Court finds that Akoustis has established that exceptional circumstances exist which warrant transferring the motion to quash to the Texas Court. Accordingly, this Court will not address the merits of the motion.

III.    <u>ORDER</u>

For the foregoing reasons, this Court grants Akoustis's request to transfer IQE's motion (Docket No. 1). The clerk is directed to transfer the motion to the United States District Court for the Eastern District of Texas, where the underlying action, *Akoustis Technologies, Inc. and Akoustis Inc. v. Qorvo, Inc.*, Case No. 2:23-cv-00180-JRG-RSP, is pending.

    /s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE